Adam B. Nach – 013622
Helen K. Santilli - 032441
**LANE & NACH, P.C.**
2001 E. Campbell Ave., Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: helen.santilli@lane-nach.com

*Attorneys for Diane M. Mann, Case Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | (Chapter 7 Case) |
|---|---|
| BORICE ZDRAVKOVSKI and LAURI ANN ZDRAVKOVSKI, | Case No. 2:17-bk-14022-DPC |
| Debtors. | *Adversary No.* |
| DIANE M. MANN, CHAPTER 7 TRUSTEE, | **COMPLAINT** |
| Plaintiff, | **(11 U.S.C. §§ 548 and 544)** |
| vs. | |
| CVETKO AND TATJANA ZDRAVKOVSKI, spouses, | |
| Defendants. | |

Diane M. Mann, Chapter 7 Trustee and Plaintiff herein ("**Plaintiff**"), by and through her attorneys undersigned, for her Complaint against Defendants, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b).

2. Plaintiff consents to the jurisdiction of this Court pursuant to Fed.R.Bankr.P. 7008.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1409.

4. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff is permitted to commence this adversary proceeding on behalf of the Estate pursuant to Federal Rules of Bankruptcy Procedure, Rule 6009.

6. This case was commenced by voluntary petition filed by Borice and Lauri Ann Zdravkovski ("**Debtors**") on November 27, 2017 ("**Petition Date**").

7. Plaintiff is the duly appointed and acting Trustee of the Chapter 7 Estate.

8. Upon information and belief, Cvetko and Tatjana Zdravovski ("**Defendants**") are husband and wife and acted on behalf of their marital community at all relevant times herein.

9. Upon information and belief, the Defendants are the parents of Debtor, Borice Zdravkovski.

10. Upon information and belief, the Defendants are residents of the State of Michigan.

11. Upon information and belief, all events complained of herein occurred in this District.

## GENERAL ALLEGATIONS

12. Pursuant to documents and information provided to the Trustee by the Debtors, the Debtors transferred two vehicles to the Defendants within the two years prior to the Petition Date.

13. On or about May 26, 2016, the Debtors transferred their 2014 Chevrolet Stingray Corvette, VIN 1G1YL2D70E5100406 ("Chevrolet") to the Defendants.

14. Upon information and belief, the Defendants provided no consideration or less than reasonably equivalent consideration for the Chevrolet.

15. On or about May 26, 2016 the Debtors transferred their 2009 Lincoln, VIN 1LNHM94R29G614780 ("Lincoln") to the Defendants.

16. On information and belief, the Defendants provided no consideration or less than reasonably equivalent consideration for the Lincoln.

17. On information and belief, the Defendants are in possession of the Chevrolet and Lincoln.

18. To the extent the Trustee discovers that the Debtors transferred other vehicles or assets to the Defendants and those transfers were fraudulent or avoidable, the Trustee seeks to recover those vehicles and assets or their value in this action.

19. The Trustee asserts the Chevrolet and the Lincoln are property of the Estate and should be turned over to the Trustee pursuant to 11 U.S.C. §§ 548 and 544.

20. Despite demands on the Defendants and their counsel, Defendants have failed to turn over the Chevrolet or Lincoln, or their respective value, to the Estate.

## COUNT ONE

## Fraudulent Transfer 11 U.S.C. § 548(a)(1)(A)

21. Plaintiff repeats, reiterates, and realleges all of the foregoing allegations as if more fully set forth herein.

22. Upon information and belief, within two years prior to the Petition Date and on or about May 16, 2016, Debtors transferred the Chevrolet and the Lincoln (collectively, "Vehicles") to the Defendants.

23. The Vehicles transferred to Defendants were transferred with the intent to hinder, delay, or defraud the creditors of this Estate.

24. Upon information and belief, Debtors received less than the reasonably equivalent value for transfer of the Vehicles, which were transferred while the Debtors were insolvent.

25. Said transfers are voidable by the Trustee pursuant to 11 U.S.C. §548(a)(1)(A) and the Vehicles are recoverable from Defendant pursuant to 11 U.S.C. §551.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

 A. For an Order avoiding the aforementioned transfers of the Vehicles;

 B. For Judgment against the Defendants in the a sum that is equivalent to the value of the Vehicles;

 C. For Plaintiff's reasonable attorneys' fees and costs; and

 D. For such other and further relief as this Court deems just and proper.

## COUNT TWO

### Fraudulent Transfer 11 U.S.C. § 548(a)(1)(B)

26. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

27. On information and belief, within two years prior to the commencement of this Chapter 7 case and as alleged herein, Debtors transferred the Vehicles to the Defendants.

28. On information and belief, Debtors did not receive a reasonably equivalent value for the Vehicles to Defendant, which transfers were made while the Debtors were insolvent or Debtors became insolvent as a result of the transfers.

29. Said transfers are avoidable by the Trustee pursuant to 11 U.S.C. §548(a)(1)(B) and preserved for the benefit of the Estate under §551.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That said transfers be declared fraudulent and that the same be set aside and avoided and upon avoidance, be preserved for the benefit of the Estate;

B. For Judgement against the Defendants in a principal sum that is equivalent to the value of the Vehicles;

C. For interest on said sum from and after the date of judgment, until paid at the highest rate allowed by law;

D. For Plaintiff's reasonable costs; and

E. For such other and further relief as this Court deems just and proper.

## COUNT THREE

### Avoidance and Recovery of Fraudulent Transfer 11 U.S.C. § 544(b)

30. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

31. Pursuant to M.C.L.A. 566.34, Plaintiff may avoid certain transfers of interests of a debtor in property, if:

1. Except as otherwise provided in subsection (4), a transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following circumstances:
    (a) With actual intent to hinder, delay, or defraud any creditor of the debtor.
    (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor did either of the following:
        i. Was engaged or was about to engage in business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
        ii. Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.
(2) In determining actual intent under subsection (1)(a) or (4), consideration may be given, among other factors, to whether 1 or more of the following occurred:
    (a) The transfer or obligation was to an insider.
    (b) The debtor retained possession or control of the property transferred after the transfer.
    (c) The transfer or obligation was disclosed or concealed.
    (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
    (e) The transfer was of substantially all of the debtor's assets.
    (f) The debtor absconded.
    (g) The debtor removed or concealed assets.
    (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

(i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

(j) The transfer occurred shortly before or shortly after a substantial debt was incurred.

(k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

32. In this case, both prongs of M.C.L.A. 566.34 apply to the transfer of the Vehicles by the Debtors to the Defendants.

33. On information and belief, the Debtors transferred the Vehicles to the Defendants with the actual intent to hinder, delay, or defraud their creditors.

34. The transfer of the vehicles was to an insider, the Debtors' parents.

35. On information and belief, the Debtors retain some level of and control of the Vehicles.

36. The Debtors did not disclose the transfer of the Vehicles.

37. On information and belief, Debtors did not receive a reasonably equivalent value for the Vehicles to Defendant, which transfers were made while the Debtors were insolvent or Debtors became insolvent as a result of the transfers. Therefore, pursuant to M.C.L.A. 566.34(1)(a) the transfer is avoidable as fraudulent conveyance.

38. Moreover, the Debtors transferred the Vehicles without receiving reasonably equivalent value in exchange for the transfers and should have reasonably believed that they would incur debts beyond their ability to pay as they came due. Therefore, pursuant to M.C.L.A. 566.34(1)(b) the transfer is avoidable as fraudulent conveyance.

39. The Debtors have one or more unsecured creditors holding claims allowable under section 502 of the Bankruptcy Code who could avoid the Transfer under M.C.L.A. 566.34, *et seq.*

40. Accordingly, the Trustee may avoid the transfers pursuant to section 544(b) of the Bankruptcy Code and A.R.S. § M.C.L.A. 566.34(1)(a) or M.C.L.A. 566.34(1)(b), *et seq.*

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That said transfer be declared fraudulent, and that the same be set aside and avoided and upon avoidance, be preserved for the benefit of the Estate;

B. For Judgement against the Defendants in the principal sum that is equivalent to the value of the Vehicles;

C. For interest on said sum from and after the date of judgment, until paid at the highest rate allowed by law;

D. For Plaintiff's reasonable costs; and

E. For such other and further relief as this Court deems just and proper.

DATED this 15th day of February, 2019.

**LANE & NACH, P.C.**

By: */s/ Adam B. Nach - 013622*
    Adam B. Nach
    Helen K. Santilli
    *Attorneys for Plaintiff*